**Lamonste Jean BAPTISTE, Petitioner,**

v.

**UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, Respondent.**

**No. 05–5954–AG.**

United States Court of Appeals, Second Circuit.

June 13, 2006.

**51**

Olusola O. Oyeyemi, Chicago, IL, for Petitioner.

Present RALPH K. WINTER, B.D. PARKER and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED in part and DENIED in part.

Lamonste Jean Baptiste, though counsel, petitions for review of the BIA decision affirming IJ Joanna Bukszpan's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Never-

theless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In this case, the adverse credibility determination is unsustainable. Jean Baptiste claimed that he was attacked in December 1998 after reporting on an opposition party press conference, and that Lavalas members continued to threaten him because he worked for a radio station that was perceived as affiliated with the opposition. The adverse credibility finding was based almost entirely on the government's submission of a fax from the Haitian Embassy, containing the claims that Jean Baptiste was "not well known" as a reporter, and that he "did not have any political problems." The fax's author was not available to testify, nor did he identify the sources of these claims or their basis for knowledge. Hearsay evidence, while generally admissible in immigration proceedings, is nonetheless subject to concerns of reliability and trustworthiness. *See Felzcerek v. INS*, 75 F.3d 112, 115 (2d Cir.1996). Even setting aside concerns of the document's reliability, however, it did not seriously undermine Jean Baptiste's credibility because it confirmed that he worked at the radio stations where he claimed to have worked, and was a reporter during the time he claimed to have been attacked. The Human Rights Watch report in the record confirmed that members of the press were frequently targeted in Haiti, and did not suggest that attacks were limited to the most prominent journalists. Therefore, the fax did not constitute substantial evidence discrediting his claim that he was attacked for making particular anti-government broadcasts.

Additionally, while Jean Baptiste's use of a photo-substituted U.S. passport to flee Haiti and enter the United States was a relevant factor to weigh in the exercise of discretion, the IJ improperly found that it prevented him from establishing his identity, when his identity was not truly at issue in this case. Finally, the IJ failed to address explicitly Aristide's February 2004 ouster and its effect on Jean Baptiste's claim; background evidence indicated that Aristide opponents and members of the press continued to be attacked in the aftermath of Aristide's departure. Remand is thus appropriate for a reevaluation of Jean Baptiste's credibility and his fear of future persecution in light of current country conditions.

On the other hand, Jean Baptiste failed to raise his CAT claim in his brief to this Court, and therefore that claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's order is VACATED, in part, and the case is remanded in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).